Opinion
 

 ASHBY, J.
 

 In this proceeding, we hold that petitioners, who obtained partial reversal on appeal of a superior court judgment, may disqualify the original trial judge from presiding over the partial retrial of the case.
 

 
 *344
 
 Facts
 

 This lawsuit involves the dissolution of Stegs Investments, a partnership consisting of petitioners Harley Stegman, Benjamin Stegman (now deceased) and Golda Stegman, and real party Renee Sprecher. Prior to trial, the parties stipulated that the partnership be dissolved; the only issue to be tried was whether there had been a breach of the partnership agreement. The respondent court found that petitioners had breached the agreement in a number of respects, and entered a judgment in favor of real party. Petitioners appealed, and Division Four of this court affirmed the judgment in part, and reversed in part due to erroneous evidentiary rulings by the respondent court. The matter was remanded “to afford defendants [petitioners] an opportunity to present evidence as to the circumstances under which the parties entered into the written partnership agreement.” The remittitur issued on March 26, 1990.
 

 On April 24, 1990, real party’s counsel sent a letter to Judge Wisot’s clerk requesting that the partial retrial of the case be heard by Judge Wisot. On April 27, 1990, petitioners’ counsel wrote to Judge Wisot requesting that he consider disqualifying himself should the matter be reassigned to him. Judge Wisot did not reply to this letter, but real party’s counsel responded a few days later with another letter to Judge Wisot, once again requesting that the remanded matters be heard by him.
 

 As a precautionary measure, petitioners’ counsel took steps to preserve petitioners’ right to disqualify Judge Wisot. On April 30, 1990, counsel telephoned a clerk in the master calendar department to ascertain the court’s policy in assigning remitted cases. Counsel was informed that “such cases would go back to the Master Calendar if not ‘fast track’ matters.” Counsel confirmed this advice in writing in a follow-up letter to the master calendar court.
 

 Petitioners also filed a motion to compel discovery and set the hearing on the motion in a law and discovery department of the superior court. Real party’s counsel once against requested that the matter be heard by Judge Wisot. On June 29, 1990, petitioners’ counsel called Department 31 (Judge Wisot’s court) to find out if the July 2 discovery hearing had been transferred to that department. Counsel was advised by the clerk that there was no hearing on calendar for July 2.
 
 [1]
 

 At some time prior to June 27, 1990, the case was reassigned to Judge Wisot. It appears that neither party received notice of the assignment
 
 *345
 
 because the parties failed to appear at a June 27 status conference. Judge Wisot issued an order to show cause re sanctions for nonappearance, and continued the status conference to July 12. The court’s minute order was mailed to plaintiff’s counsel, who was directed to give notice.
 

 On June 29, 1990, petitioners’ counsel learned from the master calendar clerk that the court’s policy had changed and remitted matters were being assigned to the original trial judge. Counsel prepared a motion and affidavit pursuant to Code of Civil Procedure section 170.6, subdivision (2),
 
 [2]
 
 and filed it in Department 31. Petitioners’ counsel also learned of the July 12 hearing at that time (although he received notice of the hearing from plaintiff’s counsel shortly thereafter.)
 

 On July 12, the parties appeared before Judge Wisot. The court vacated the order to show cause, then addressed the issue of section 170.6 as follows: “Now, there is a limited direction from the Court of Appeal reversing in that following respect only. In all other respects the judgment was affirmed. I’m unclear as to whether that constitutes a new trial for purposes of the 170.6 statute.” The court allowed petitioner’s counsel to research the issue, but counsel was unable to find any pertinent cases, as this was an issue of first impression. The court then concluded that it had jurisdiction to rule on petitioners’ discovery motion, since “the cause is before the court for further hearing on a single issue only, and not for a new trial.” The court then denied petitioners’ renewed discovery motion and imposed sanctions on petitioners in the sum of $1,920.
 

 Discussion
 

 Section 170.6 was amended in 1985 to permit a peremptory challenge to be made when the same trial judge is assigned for a new trial after reversal on appeal. Prior to the enactment of the 1985 amendment, a matter remanded by an appellate court for full or partial retrial was normally assigned to the same trial judge who heard the case at the trial level. This policy was based on the premise that the trial judge who presided over the first trial was familiar with the issues in the case and was in a better position to expeditiously resolve the matter pursuant to the appellate decision.
 

 The concern expressed by the proponents of the 1985 amendment was that a judge who had been reversed might prove to be biased against the party
 
 *346
 
 who successfully appealed the judge’s erroneous ruling at the original trial. The amendment was “intended to permit a party to challenge a judge who had been assigned to conduct the ‘new trial’ of the case in which his or her decision was reversed on appeal. The term ‘new trial’ is intended to cover situations where the case is to be re-tried and not merely remanded with instructions to perform some specific task (e.g., recalculate interest).” (Assem. Com. on Jud. Analysis of Assem. Bill No. 1213, as amended May 15, 1985.)
 

 The respondent court rejected petitioners’ affidavit pursuant to section 170.6, concluding that the section did not apply because the case was remanded for consideration of a “limited issue.” The legislative history of the 1985 amendment suggests that the applicability of that section does not turn on the whether the issue(s) to be resolved on remand are limited, but what the court must do to resolve them. If the court’s function is merely a ministerial act (such as the recalculation of interest), the 1985 amendment does not apply. If, however, the court must conduct an actual retrial, even if that trial involves only one issue, the court may be disqualified upon a timely affidavit filed pursuant to section 170.6. In the case at bench, the trial court was called upon to
 
 retry
 
 the case, albeit on a single issue. Petitioners’ affidavit was filed well within the 60-day period allowed by section 170.6, and was therefore timely.
 

 Disposition
 

 Let a peremptory writ of mandate issue directing the respondent court to vacate its order of July 12, 1990, rejecting petitioners’ affidavit pursuant to Code of Civil Procedure section 170.6 as untimely, and enter a new and different order accepting the affidavit for filing as of July 12, 1990. All rulings made by Judge Wisot on or after that date in Sprecher v. Stegs Investments et al., Los Angeles Superior Court No. C522222, are null and void.
 

 Turner, P. J., and Boren, J., concurred.
 

 [1]
 

 The motion was heard in a law and motion department on July 2 and denied without prejudice because petitioners’ counsel had not complied with the superior court’s law and discovery manual.
 

 [2]
 

 The relevant portion of that section, hereinafter sometimes referred to as “the 1985 amendment,” provides; “A motion under this paragraph may be made following reversal on appeal of a trial court’s decision if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. The motion shall be made within 60 days after the party or the party’s attorney has been notified of the assignment." All further statutory references are to the Code of Civil Procedure unless otherwise indicated.