[No. D023190. Fourth Dist., Div. One. July 6, 1995.]

GWENDOLYN MATTHEWS, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
NARCORP et al., Real Parties in Interest.

COUNSEL

Atkins & Evans, Nelson Atkins and Daniel Weber for Petitioner.

No appearance for Respondent.

Paul, Hastings, Janofsky & Walker, Michael A. Hood, Brent R. Bohn, C. Larry Davis and Beth Eagleson for Real Parties in Interest.

OPINION

**BENKE, Acting P. J.**—Gwendolyn Matthews (Matthews) petitions for a writ of mandate after the court denied her peremptory challenge to a judge under Code of Civil Procedure[1] section 170.6. Matthews had previously exercised one challenge pursuant to section 170.6 and attempted to exercise another challenge after the second trial judge granted a summary judgment motion and was partially reversed on appeal. The issue presented is whether a party is entitled to more than one peremptory challenge if the case is reversed on appeal and reassigned to the same trial judge after remand. We

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

conclude the party is limited to one challenge and accordingly deny the petition.

## BACKGROUND

Matthews is an employee of San Diego Gas & Electric Company, Inc. (SDG&E) which hired NARCORP to conduct an undercover investigation of the reported sale and use of illegal drugs by employees. At the conclusion of the investigation, SDG&E suspended Matthews as well as other employees and issued two written statements which suggested suspended employees had engaged in the use or sale of drugs. Matthews was later reinstated with backpay.

Matthews sued SDG&E and NARCORP for defamation, false imprisonment, and intentional and negligent infliction of emotional distress. Matthews exercised a peremptory challenge to Judge Robert O'Neill pursuant to section 170.6. The case was assigned to Judge Judith McConnell who granted the defendants' motion for summary judgment and dismissed the complaint. On appeal this court reversed as to the defamation cause of action against both SDG&E and NARCORP and as to the intentional infliction of emotional distress cause of action against NARCORP.[2]

Upon remand the case was reassigned to Judge McConnell. Matthews filed a peremptory challenge to disqualify Judge McConnell relying on a provision in section 170.6, subdivision (2) that allows a challenge following reversal on appeal if the same trial judge is assigned to conduct a new trial. Judge McConnell denied the motion based on a prohibition contained in section 170.6, subdivision (3) that a party under "no circumstances" shall be permitted to make more than one such challenge in the same action.

Upon Matthews's petition for writ of mandate, this court issued an order to show cause, stayed the matter and heard oral argument.[3]

## DISCUSSION

■ Section 170.6, originally enacted in 1957, provides that a judge, commissioner or referee shall not try or hear any matter in any action or

---

[2]See *Matthews* v. *NARCORP Corp.* (Oct. 31, 1994) D017424 (nonpub. opn.).

[3]We also requested briefing on whether the section 170.6, subdivision (2) provision allowing a challenge after reversal on appeal applies where no trial had been held, i.e., when the appeal was from a pretrial ruling. Because we conclude that the court was correct in ruling Matthews was not entitled to exercise a second challenge to a judge pursuant to section 170.6, we need not consider whether the fact the partial reversal resulted from a pretrial ruling impacted on Matthews's rights under the section.

special proceeding when a party or an attorney appearing in the action makes a motion supported by an affidavit stating a belief that the judicial officer is prejudiced against the party or attorney. (§ 170.6, subds. (1) & (2); Stats. 1957, ch. 1055, § 1, pp. 2288-2289.) If a judge is assigned for all purposes, the section requires a party to file the motion to disqualify within 10 days of the assignment. (§ 170.6, subd. (2).) The section further prohibits a challenge after commencement of the trial or hearing or after a judicial officer has ruled on a pretrial contested issue of fact relating to the merits of the case. (§ 170.6, subd. (2).)

The section further provides that: ". . . Under no circumstances shall a party or attorney be permitted to make more than one such motion in any one action or special proceeding pursuant to this section . . . ." (§ 170.6, subd. (3).) In 1985 the Legislature amended the section to provide: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter." (§ 170.6, subd. (2); Stats. 1985, ch. 715, § 1, p. 2351.) We must determine how these two provisions interact if a party has disqualified one trial judge under the section and later attempts to disqualify a second trial judge after the second judge has been reversed on appeal.

The parties have not cited nor have we located any California law which permits two peremptory challenges in one action.[4] Moreover, a peremptory challenge may not be interposed when a subsequent proceeding is a continuation of an earlier action. "A subsequent proceeding is a continuation of an earlier action rather than a separate and independent action if it involves 'substantially the same issues' and ' "matters necessarily relevant and material to the issues involved in the [original] action." ' [Citations.]" (*City of Hanford* v. *Superior Court* (1989) 208 Cal.App.3d 580, 589 [256 Cal.Rptr. 274]; see also *McClenny* v. *Superior Court* (1964) 60 Cal.2d 677, 684 [36 Cal.Rptr. 459, 388 P.2d 691].)

Here, following reversal and remand to the trial court for further proceedings on the defamation and intentional infliction of emotional distress causes of action, not only "substantially the same issues" were to be heard in the trial court but rather *exactly the same issues* as relating to the surviving two causes of action were to be considered. Under the section 170.6, subdivision

---

[4]In *Waldon* v. *Superior Court* (1987) 196 Cal.App.3d 809, 813-814 [241 Cal.Rptr. 123], we held the defendant was allowed to make peremptory challenges both in an underlying criminal action and in a Penal Code section 1368 hearing on the defendant's mental capacity to stand trial. Our decision, however, was based on the fact the two proceedings were procedurally separate and did not involve the same issues.

(3) prohibition against more than one peremptory challenge in any one action, the challenge to Judge McConnell was not allowed.

Matthews argues, however, that the 1985 amendment was not concerned with how many challenges could be made within "any one action or special proceeding" but rather was concerned with the potential bias of a trial judge in a "prior proceeding" who is reassigned to conduct a new trial after reversal. According to Matthews, it was the Legislature's intention to permit disqualification of any judge following reversal and reassignment as long as the challenge was filed within 60 days of notification of the assignment as provided in section 170.6, subdivision (2). In essence, Matthews argues the 1985 amendment was intended to eradicate the "one time only" provision of section 170.6 if there is a reversal on appeal and reassignment to the same trial judge following remand. We disagree.

The 1985 amendment arose out of concern by the proponents of the bill that a judge who had been reversed on appeal might prove to be biased against the party who successfully appealed the judge's erroneous ruling. (See *Stegs Investments* v. *Superior Court* (1991) 233 Cal.App.3d 572, 575-576 [284 Cal.Rptr. 495]; see also Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 24, 1985, pp. 2, 3; Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 15, 1985, p. 1.) Judiciary Committee Reports from the 1985 amendment explain that under the then existing time limitations specified for filing a peremptory challenge, a successful party on an appeal would be prevented from filing a challenge following reversal and reassignment to the same judge. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1213, *supra*, at pp. 1-2, 3; Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1213, *supra*, at p. 1.) The amendment permitted the filing of the peremptory challenge following such reversal and reassignment. (*Ibid.*) Nowhere in the amendment or in legislative reports prepared in connection with the amendment is there any mention of superseding the long-standing prohibition against filing more than one peremptory challenge in any one action or special proceeding. To the contrary, the only report addressing the number of challenges states "[t]his removal of a judge for prejudice would be limited to one uncontested challenge. . . ." (Assem. Com. on Judiciary, Republican Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 24, 1985.)

The Legislature was aware of the absolute prohibition against a party in an action exercising more than one peremptory challenge. The prohibition existed in the very statute the Legislature was amending. The existing wording of the provision that "[u]nder no circumstances" was a party

permitted to make more than one challenge in "any one action or special proceeding" could hardly have been stronger. Had the Legislature intended to make an exception to the prohibition against multiple peremptory challenges in an action to allow more than one challenge upon reversal and reappointment of the same trial judge, it could have done so.

Matthews argues the amendment should be liberally construed to carry out its purpose of preventing potential bias. We agree section 170.6 should be liberally construed "to effect its objects and to promote justice." (*Nissan Motor Corp.* v. *Superior Court* (1992) 6 Cal.App.4th 150, 154 [7 Cal.Rptr.2d 801].) However, the peremptory challenge under section 170.6 provides an "extraordinary right" to disqualify a judge and is limited by the terms of the statute. (*Ibid.*) "[C]ourts . . . have been vigilant to enforce the statutory restrictions on the number and timing of motions permitted. . . ." (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 197-198 [137 Cal.Rptr. 460, 561 P.2d 1148], and cases cited therein; *City of Hanford* v. *Superior Court, supra,* 208 Cal.App.3d at p. 590, and cases cited therein.) The Legislature failed to provide an exception to the prohibition against multiple challenges under the section and we decline to do so by interpretation.[5]

■ Matthews additionally argues that the court's denial of the peremptory challenge denied her equal protection of law guaranteed by the 14th Amendment to the United States Constitution and that the court's action led to an absurd result. That is, one class of litigants (those who have filed an earlier peremptory challenge) are subjected to potential bias while another class of litigants (those who have not filed an earlier peremptory challenge) are not so subjected. Matthews's argument rests on her contention that parties who have previously exercised their peremptory challenge are similarly situated to those who have not.

Section 170.6 provides only a limited right and is not a vehicle for disqualifying judges in all situations in which there is the potential for bias.

---

[5] At least one commentator has interpreted the section 170.6, subdivision (2) provision allowing a peremptory challenge to a judge who is reassigned to retry a case after reversal as being limited to situations where no previous peremptory challenge has been made. (See Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 1994) ¶ 3:251, p. 3-53.)

Cases relied upon by Matthews to support her position she is entitled to a peremptory challenge are inapposite since none involved a party's right to file multiple peremptory challenges. (See *Overton* v. *Superior Court* (1994) 22 Cal.App.4th 112 [27 Cal.Rptr.2d 274] [whether peremptory challenge to judge is allowed after party's petition for writ of mandate resulted in a new trial]; *Hendershot* v. *Superior Court* (1993) 20 Cal.App.4th 860 [24 Cal.Rptr.2d 645] [whether the remand order called for a "new trial" within the meaning of section 170.6, subd. (2)]; *Stegs Investments* v. *Superior Court, supra,* 233 Cal.App.3d 572 [whether peremptory challenge to judge is allowed where the issues to be resolved on remand were limited].)

The section simply provides a one-time opportunity in an action to disqualify one judge if a party or the party's attorney files an affidavit that the judge is prejudiced such that the party believes a fair and impartial hearing cannot be had before that judge. The 1985 amendment to the section did nothing more than change the timing requirements for the exercise of that right if there was an appeal, reversal and reassignment to the judge whose ruling had been reversed. Once the right is exercised, a party is not similarly situated to a party who has yet to exercise the right. Rather, the party who has exercised the right at any stage in the proceedings has exhausted his or her statutory remedy under section 170.6. That party may still challenge a judge for actual or apparent bias under section 170.3, subdivision (c) (see *United Farm Workers of America* v. *Superior Court* (1985) 170 Cal.App.3d 97, 104 [216 Cal.Rptr. 4]), but may no longer avail itself of a peremptory challenge under section 170.6.

### DISPOSITION

The petition is denied and the stay issued March 29, 1995, is vacated.

Froehlich, J., and Nares, J., concurred.