*326
 
 Opinion
 

 JACKSON, J.
 
 *
 

 Facts
 

 Following reversal of a judgment entered after a jury trial of this medical malpractice action, petitioner filed a peremptory challenge to the original trial judge, David Schacter, under the pertinent provisions of Code of Civil Procedure section 170.6.
 
 [1]
 
 Judge Schacter honored the peremptory challenge and transferred the case to respondent court, the supervising judge of the Los Angeles Superior Court’s Northwest District, for reassignment. Real parties interpreted the language
 
 “trial court’s decision”
 
 in the 1985 amendment to mean that a party could exercise its right to file a peremptory challenge following a reversal on appeal only if the first trial was a court trial. Adopting real parties’ argument, respondent court rejected the peremptory challenge because “the appeal was from a jury verdict.” Respondent court then reassigned the case to Judge Schacter. This petition followed.
 

 Discussion
 

 When interpreting the meaning of a statute, “[w]e look first to the language selected by the Legislature and only review legislative history materials when there is ambiguity in the statute.”
 
 (Union Bank
 
 v.
 
 Superior Court
 
 (1995) 31 Cal.App.4th 573, 584 [37 Cal.Rptr.2d 653].) Although we are of the view that the 1985 amendment clearly and unequivocally affords a party the right to file a peremptory challenge to the original trial judge after the reversal of a judgment or order on appeal, regardless of whether the judgment originated from a judge’s decision or a jury verdict, we will assume for the purpose of this discussion that there is some ambiguity in the language on which the parties focus here,
 
 “trial court’s decision.”
 
 Accordingly, we have reviewed the legislative history of the 1985 amendment, and it does not support respondent court’s ruling.
 

 One of the wide variety of factors a court may consider in reviewing legislative history to help “illuminate the legislative design” is the specific
 
 *327
 
 “evil” to be remedied by the legislation.
 
 (Walters
 
 v.
 
 Weed
 
 (1988) 45 Cal.3d 1, 10 [246 Cal.Rptr. 5, 752 P.2d 443].) In the case of the 1985 amendment, the perceived “evil” to be remedied was that “a judge who has been reversed may prove to be biased against the party who successfully appealed the judge’s erroneous ruling. . . .” (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended, May 15,1985, p. 1. ) The Legislature’s objective in enacting the 1985 amendment was “to allow a party to remove a judge whose conduct during the original trial evidenced prejudice toward a party.” (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 24, 1985, p. 2. ) There is not even a hint in the legislative history of the 1985 amendment that the Legislature intended to withhold the benefit of the amendment from a party which had exercised its right to a jury trial. Indeed, a major proponent of the amendment was the California Trial Lawyers’ Association, one of whose members, urging passage of the amendment, submitted correspondence in which he recounted the prejudice he believed he and his clients had suffered at the hands of a particular judge in a lengthy jury trial. Suffice it to say that the Legislature was well aware, at the time it passed the 1985 amendment, that actual or perceived prejudice by a trial judge could occur in a jury trial as well as a court trial.
 

 Disposition
 

 The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing respondent court to vacate its order of July 25,1997, rejecting petitioner’s peremptory challenge to Judge Schacter as untimely, and enter a new and different order honoring the peremptory challenge. Costs are awarded to petitioner.
 

 Turner, P. J., and Armstrong, J., concurred.
 

 *
 

 Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
 

 [1]
 

 Code of Civil Procedure section 170.6, subdivision (2), provides in pertinent part: “A motion under this paragraph may be made following reversal on appeal of a trial court’s decision if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. The motion shall be made within 60 days after the party or the party’s attorney has been notified of the assignment.” This language was added to section 170.6 in 1985 and will be referred to hereinafter as “the 1985 amendment.”