[No. F037893. Fifth Dist. Aug. 7, 2001.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
LEROY JESSE MALOY, Real Party in Interest.

COUNSEL

Phillip J. Cline, District Attorney, Carol B. Turner and Don H. Gallian, Assistant District Attorneys, Barbara J. Greaver, Deputy District Attorney; Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stephen G. Herndon and David Andrew Eldridge, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Law Office of Gary L. Paden and Gary L. Paden for Real Party in Interest.

OPINION

**CORNELL, J.**—The issue presented by this appeal is whether a litigant can peremptorily challenge a judge pursuant to Code of Civil Procedure section 170.6, subdivision (2)[1] after the judge's dismissal of the action based on the allegations in the complaint is reversed on appeal. In this action, the trial court granted defendant's motion to dismiss the complaint concluding the action was barred by the statute of limitations. After this court reversed the order, the People challenged the judge who had erroneously dismissed the action. The trial court reasoned the People were not entitled to a peremptory challenge because the ruling which was reversed occurred prior to trial and, therefore, there would not be a *new trial* after remand as required by section 170.6, subdivision (2). We disagree and will issue the requested writ of mandate.

FACTUAL AND PROCEDURAL SUMMARY

The People filed an amended complaint on April 15, 1994, charging Leroy Jesse Maloy (Maloy) with 10 counts of various sexual offenses against several minors. The prohibited acts allegedly occurred between January 1967 and April 1979. The action was brought after the enactment of Penal Code section 803, subdivision (g) in 1994, which established a new statute of limitations for sexual offenses committed against minors.

The Honorable Ronn M. Couillard dismissed the complaint on July 22, 1994, finding the trial court had no jurisdiction because the action was barred by the statute of limitations. The People's motion to reinstate the complaint was denied on August 18, 1994.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

The People appealed and this court reversed holding that Penal Code section 803, subdivision (g) did not violate the ex post facto clauses of the federal or state Constitution. The Supreme Court granted Maloy's request for review. Review was subsequently dismissed and the case was remanded to this court in light of amendments to Penal Code section 803, subdivision (g). This court issued its remittitur on May 8, 1997.

The People refiled the complaint on March 20, 1998. Maloy moved to dismiss the complaint arguing the trial court did not have jurisdiction to hear the matter. Judge Couillard granted the motion and denied the prosecution's motion to reinstate the complaint.

The People appealed and this court reversed holding that Penal Code section 803, subdivision (g) did not violate the state or federal Constitution. The Supreme Court granted Maloy's petition for review, but dismissed review pursuant to California Rules of Court, rule 29.4(c) on December 6, 2000. This court issued its remittitur the same day.

On January 17, 2001, the People moved to disqualify Judge Couillard pursuant to section 170.6, subdivision (2). Judge Couillard denied the motion. The People filed a petition for writ of mandate in this court seeking an order requiring Judge Couillard to grant the section 170.6 motion and requesting a stay of the action. This court issued an order to show cause why the relief prayed for in the petition should not be granted.

DISCUSSION

## I. *Statutory Background*

■ Section 170.6 guarantees "to litigants an extraordinary right to disqualify a judge. The right is 'automatic' in the sense that a good faith *belief* in prejudice is alone sufficient, proof of facts showing actual prejudice not being required. [Citations.]" (*McCartney v. Commission on Judicial Qualifications* (1974) 12 Cal.3d 512, 531 [116 Cal.Rptr. 260, 526 P.2d 268], overruled on other grounds in *Spruance v. Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 800, fn. 18 [119 Cal.Rptr. 841, 532 P.2d 1209]; and *Doan v. Commission on Judicial Performance* (1995) 11 Cal.4th 294, 325 [45 Cal.Rptr.2d 254, 902 P.2d 272].) The object of this section is to provide the party and attorney with a substitution of judge to safeguard the right to a fair trial or hearing. (*Truck Ins. Exchange v. Superior Court* (1998) 67 Cal.App.4th 142, 144 [78 Cal.Rptr.2d 721].) This section is intended to ensure confidence in the judiciary and avoid the suspicion which might arise from the belief of a litigant that the judge is biased where such belief is

difficult, if not impossible, to prove. (*Solberg v. Superior Court* (1977) 19 Cal.3d 182, 192-193 [137 Cal.Rptr. 460, 561 P.2d 1148].) The section is liberally construed and the trend is to grant relief unless absolutely forbidden by statute. (*People v. Superior Court (Williams)* (1992) 8 Cal.App.4th 688, 697-698 [10 Cal.Rptr.2d 873]; *Nissan Motor Corp. v. Superior Court* (1992) 6 Cal.App.4th 150, 154 [7 Cal.Rptr.2d 801].)

The peremptory challenge right is not absolute and unlimited. (*People v. Superior Court (Williams)*, *supra*, 8 Cal.App.4th at p. 698.) "Inherent in its exercise is the requirement of conformance to certain reasonable procedures invoked for the benefit of . . . all . . . litigants." (*People v. Jackson* (1960) 186 Cal.App.2d 307, 317 [8 Cal.Rptr. 849].) "[T]he courts of this state have been vigilant to enforce the statutory restrictions on the number and timing of motions permitted." (*Solberg v. Superior Court, supra,* 19 Cal.3d at p. 197.)

## II.  *Standard of Review*

■    This court reviews an order granting or denying a peremptory challenge pursuant to section 170.6 for an abuse of discretion. A trial court abuses its discretion when it erroneously denies a motion to disqualify a judge. (*Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1315 [104 Cal.Rptr.2d 173].)

## III.  *Analysis*

The pertinent portion of section 170.6, subdivision (2) provides: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. Notwithstanding paragraph (3) of this section, the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment."

This provision was added to section 170.6 by amendment in 1985 (the 1985 amendment) (Stats. 1985, ch. 715, § 1, pp. 2350-2353). **(3)** The 1985 amendment arose out of concern that a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling. (*Matthews v. Superior Court* (1995) 36 Cal.App.4th 592, 597 [42 Cal.Rptr.2d 521].) The Legislature amended this section in

1998 to allow a successful appellant to challenge the trial judge even though the appellant had previously utilized a peremptory challenge in the action. This is the only exception to the limitation of only one peremptory challenge per side. (§ 170.6, subd. (3).)

█ In denying the peremptory disqualification motion, Judge Couillard focused on the portion of the statute that allowed a peremptory challenge after a successful appeal where the matter is assigned to the same trial judge to conduct a "new trial." Judge Couillard reasoned that since the judgment was the result of a dismissal by the court before a trial occurred, there could not be a "new trial" in the action, and, therefore, the People were not entitled to a peremptory challenge under section 170.6.

There are no published opinions that address the specific issue presented by this writ. Judge Couillard identified *Stubblefield Construction Co. v. Superior Court* (2000) 81 Cal.App.4th 762 [97 Cal.Rptr.2d 121] (*Stubblefield*) as the most analogous opinion. In *Stubblefield*, the defendant's motion for summary judgment was granted and judgment entered thereon. The appellate court reversed the judgment and remanded the case to the superior court for trial. The plaintiff made a motion to disqualify the trial judge pursuant to section 170.6, subdivision (2). The defendant argued that because the original judgment was entered after a motion for summary judgment, there had not been a trial and, thus, there could not be a "new trial." The trial court denied the motion.

The appellate court rejected the defendant's argument and ordered the trial court to grant the plaintiff's motion. "[T]he proceedings contemplated by our remand will be a new trial within the meaning of Code of Civil Procedure section 170.6, subdivision (2). Although there was no full trial of the matter in this case, a final judgment was entered. Our partial reversal requires that the case be reopened, with an actual trial if necessary; furthermore, our partial reversal reflected our view that the trial judge erred in a crucial decision of law. Assuming, as the Legislature did, that a judge may react with a certain pique to the negative treatment of his or her decisions by an appellate court, this situation is obviously one in which the potential for bias exists. Given the policy reasons for the 1985 amendments to Code of Civil Procedure section 170.6, it is plain that Stubblefield had the right to disqualify [the trial judge]." (*Stubblefield, supra,* 81 Cal.App.4th at pp. 765-766, fn. omitted.)

Judge Couillard distinguished *Stubblefield* on the grounds that a summary judgment constituted a decision on the merits. Judge Couillard reasoned that since he had dismissed the prior action without making any factual determinations, the merits were not considered and a new trial would not occur.

While we agree that *Stubblefield* is the most analogous case, we disagree that it can be distinguished from the instant matter. The *Stubblefield* court refused to apply section 170.6, subdivision (2) literally, instead interpreting the statute in light of the perceived evil the statute was intended to remedy.

We agree that section 170.6, subdivision (2) must be interpreted to give effect to its purpose. The purpose of the statute, to allow an appellant to avoid the possible bias of a trial judge who has been reversed on appeal, compels our conclusion that the phrase "new trial" encompasses the proceedings contemplated by our remand. Our remand requires the case be reopened with, presumably, a trial on the merits. The trial court was reversed after erroneously concluding it did not have jurisdiction over the action because the action was barred by the statute of limitations. This conclusion terminated the action. The potential for judicial bias exists to the same extent it would exist after a motion for summary judgment, or at the conclusion of a trial. The trial court's denial of this motion was erroneous because it defies the Legislature's expressed intent when it passed the 1985 amendment.

The *Stubblefield* court cited section 656 as support for its conclusion. We also find guidance in this section. Section 656 defines a new trial as a "re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." Section 657 provides the grounds on which the trial court may grant a new trial on the motion of an aggrieved party. A literal reading of section 656 would preclude a motion for new trial after a judgment entered on a motion for summary judgment, a dismissal after a demurrer, or a motion to dismiss. However, the Supreme Court rejected a literal reading of this statute over 40 years ago and held that a motion for new trial would be proper after any of these procedures resulted in judgment. (*Carney v. Simmonds* (1957) 49 Cal.2d 84, 88-91 [315 P.2d 305].)

Relevant case authority also supports our conclusion. The cases consistently apply a broad construction to section 170.6 to effectuate the purpose of the Legislature when it passed the 1985 amendment.

In *Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572 [284 Cal.Rptr. 495], the appellate court partially reversed the original judgment. The trial court denied the defendant's section 170.6 motion noting the matter was returned for further hearing on a single issue, and not for a new trial. (*Stegs Investments, supra,* 233 Cal.App.3d at p. 575.) The appellate court began its analysis by identifying the purpose of the 1985 amendment. "The concern expressed by the proponents of the 1985 amendment was that a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling at the original trial. The amendment was 'intended to permit a party to challenge a judge who had been assigned to conduct the "new trial" of the case in which his or her

decision was reversed on appeal. The term "new trial" is intended to cover situations where the case is to be re-tried and not merely remanded with instructions to perform some specific task (e.g., recalculate interest).' (Assem. Com. on Jud. Analysis of Assem. Bill No. 1213, as amended May 15, 1985.)" (233 Cal.App.3d at pp. 575-576.) The appellate court held the trial judge may be disqualified upon a timely affidavit being filed pursuant to section 170.6 if there is a trial of only a single issue. (*Stegs Investments, supra*, 233 Cal.App.3d at p. 576.)

In *Pandazos v. Superior Court* (1997) 60 Cal.App.4th 324 [70 Cal.Rptr.2d 669], the issue was whether a peremptory challenge could be exercised after appeal when the original proceeding was a jury trial. The statute at the time provided that a peremptory challenge would be allowed following reversal of a trial court's decision. The real party in interest argued that a jury trial did not result in a trial court decision, and thus the 1985 amendment to section 170.6 was inapplicable. The appellate court rejected this argument. (*Pandazos, supra*, 60 Cal.App.4th at p. 326.) "There is not even a hint in the legislative history of the 1985 amendment that the Legislature intended to withhold the benefit of the amendment from a party which had exercised its right to a jury trial. . . ." (*Id.* at p. 327.)

In *Overton v. Superior Court* (1994) 22 Cal.App.4th 112 [27 Cal.Rptr.2d 274], the issue was whether the defendant, who obtained a writ of mandate directing the trial court to declare a mistrial, was entitled to utilize a peremptory challenge. The trial court denied the motion, finding that section 170.6 applied only after reversal after an appeal, not reversal after a writ. The appellate court disagreed concluding that "the concern that a trial judge might be biased against a party who succeeds in obtaining a new trial is obviously just as substantial in a writ proceeding as it is in an appeal." (*Overton, supra*, 22 Cal.App.4th at p. 115.)

In *Hendershot v. Superior Court* (1993) 20 Cal.App.4th 860 [24 Cal.Rptr.2d 645], the issue was whether a new trial would occur where the judgment was partially reversed on appeal and returned to the trial court to determine if one of the appellants was entitled to restitution pursuant to section 908. The trial court denied the appellants' motion to excuse the trial judge after remand reasoning that the limited proceedings to be determined on remand did not constitute a new trial. The appellate court disagreed stating that the case was not remanded to the trial court to perform a ministerial act, but to conduct a hearing with contested factual issues. "The purpose of the 1985 amendment is served by recognizing its application to this situation, in which the trial judge might be perceived as holding a bias against the party that had successfully pressed the appeal that led to reversal of the earlier judgment. That purpose would be thwarted by a construction that renders the statute inapplicable to the trial on remand." (*Hendershot, supra*, 20 Cal.App.4th at p. 864.)

The appellate court also referred to section 656 for guidance. "Section 656, one of the original provisions of the code, defines 'new trial' as 'a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee.' The former law strictly limited motions for new trial to cases in which an issue of fact had been adjudicated, and denied its application to other cases, such as those in which a dismissal was ordered after a demurrer had been sustained, or where a judgment had been taken by default. (See 8 Witkin, Cal. Procedure [(3d ed. 1985)], Attack on Judgment in Trial Court, § 22, p. 423.) That rule was repudiated more than three decades ago (see *Carney* v. *Simmonds*[, *supra*,] 49 Cal.2d 84 . . .), and the remedy is now quite broad. (See 8 Witkin, *op. cit. supra*, § 23, p. 424.)" (*Hendershot v. Superior Court, supra*, 20 Cal.App.4th at p. 865.) The court concluded "[w]e see no reason why it should not receive a similar broad construction in this case, encompassing a posttrial reversal and remand for trial of a contested issue in which trial court discretion or fact determination is involved. . . ." (*Ibid.*)[2]

Here, Judge Couillard's two decisions to dismiss the case were appealed to this court and both decisions were reversed. This is exactly the situation the Legislature meant to address in its 1985 amendment. Judge Couillard's ruling requires a limited application of the 1985 amendment and defeats the clear policy behind the enactment. Judge Couillard incorrectly interpreted section 170.6 and, thus, abused his discretion in denying the People's peremptory challenge.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of Tulare County to vacate its order in action No. 98-40909, dated March 29, 2001, denying petitioner's peremptory challenge and to enter a new order granting the peremptory challenge. Insofar as the petition seeks relief not granted above, it is denied. Each party shall bear its own costs.

Ardaiz, P. J., and Buckley, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied November 14, 2001. Baxter, J., did not participate therein.

---

[2]Maloy cites *In re Abdul Y.* (1982) 130 Cal.App.3d 847 [182 Cal.Rptr. 146]. The *Abdul Y.* court addressed the first paragraph of section 170.6 subdivision (2), which is designed to provide a litigant with a peremptory challenge while preventing judge shopping. We are addressing the second paragraph of this subdivision that addresses potential judicial bias after reversal on appeal. *In re Abdul Y.* is not helpful to our analysis.