[No. B162707. Second Dist., Div. Five. Apr. 2, 2003.]

PFEIFFER VENICE PROPERTIES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SHEILA BERNARD et al., Real Parties in Interest.

■■■■■■■■■■■■■■■■

## COUNSEL

Irell & Manella, Gregory R. Smith, Allan J. Abshez and Andrew K. Fogg for Petitioner.

No appearance for Respondent.

ACLU Foundation of Southern California, Daniel P. Tokaji, Mark Rosenbaum; and Edward I. Sands for Real Parties in Interest.

## OPINION

**ARMSTRONG, J.**—Petitioner, the unsuccessful respondent in an earlier appeal in this action, seeks an order directing the assigned trial judge to honor its postappeal peremptory challenge, filed pursuant to Code of Civil Procedure[1] section 170.6, subdivision (2). Contrary to the trial court's reading of that provision, we find that postappeal peremptory challenges are not the exclusive right of parties who were appellants on appeal, but are also available to parties who were respondents, provided they have not yet exercised a peremptory challenge in the litigation. Accordingly, we grant the petition.

### FACTS AND PROCEDURAL HISTORY

Petitioner was the plaintiff in a case claiming that real parties in interest, operating through a tenants association, attempted to interfere with petitioner's efforts to enhance the value of its rental property. Specifically, real parties allegedly encouraged petitioner's tenants not to relinquish their parking spaces during petitioner's renovation of the garage area of its building.[2] Neither party filed a peremptory challenge to the judge assigned to hear their case. Early in the litigation, real parties brought a SLAPP (strategic lawsuit against public participation) motion to strike the complaint, but the trial court instead disposed of the case using its inherent power to strike improper pleadings. Nevertheless, in announcing its ruling, the trial court opined that petitioner brought the action for purposes of "political intimidation" of real parties, and invited a motion to recover attorney fees. Petitioner appealed that decision, but later abandoned the appeal.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] A more detailed statement of the underlying facts appears in our prior opinion in this matter, *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211 [123 Cal.Rptr.2d 647].

In the meantime, real parties in interest filed a motion seeking attorney fees. Their motion was denied because the trial court did not believe real parties had prevailed on any issue central to the merits of the litigation. Real parties successfully appealed that ruling. This court remanded the matter with directions to the trial court to consider the merits of the SLAPP motion for purposes of determining real parties' entitlement to attorney fees. (*Pfeiffer Venice Properties, supra*, 101 Cal.App.4th at pp. 218-219.) Within days of remittitur issuing and the matter being returned to the same trial judge, petitioner filed a peremptory challenge. However, the judge struck the challenge on the ground that the provisions of section 170.6, subdivision (2), allowing postappeal peremptory challenges, were exclusively for use by the party who filed the appeal resulting in reversal of a judge's decision. This petition followed.

## DISCUSSION

A. *A postappeal peremptory challenge is available to unsuccessful respondents.*

■ Petitioner asserts that the trial court's reading of section 170.6, subdivision (2), was erroneous, and that respondents on appeal should have the same opportunity as appellants to "start with a clean slate" after remand should the case be reassigned to the judge who conducted the original trial. We agree. Section 170.6, subdivision (2), provides in pertinent part, "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. Notwithstanding paragraph (3) of this section [limiting parties to one peremptory challenge per litigation], the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment."

The language of that section plainly authorizes postappeal peremptory challenges without any distinction between the parties based on their respective positions on appeal. Such a distinction is made only in allocating the number of peremptory challenges that may be filed in a single litigation. Specifically, the party or side that successfully appealed is allowed a postappeal peremptory challenge despite having made a peremptory challenge earlier in the litigation. Meanwhile, the party or side that responded to the appeal remains limited by subdivision (3) of section 170.6 to one peremptory challenge for the entire litigation. Otherwise, the statute contains no restrictions on the responding party's ability to exercise a postappeal peremptory

challenge. We must follow the clear language of the statute. (Code Civ. Proc., § 1858; *Ventura County Deputy Sheriffs' Assn. v. Board of Retirement* (1997) 16 Cal.4th 483, 492-493 [66 Cal.Rptr.2d 304, 940 P.2d 891, 91 A.L.R.5th 677]; *Faria v. San Jacinto Unified School Dist.* (1996) 50 Cal.App.4th 1939, 1945 & fn. 2 [59 Cal.Rptr.2d 72].)

Even if the language of the statute were deemed ambiguous so as to permit reference to the legislative history in interpreting it, our reading of section 170.6, subdivision (2), would be confirmed. (*Pandazos v. Superior Court* (1997) 60 Cal.App.4th 324, 326 [70 Cal.Rptr.2d 669].) Prior to 1985, section 170.6, subdivision (2), did not provide for postappeal challenges. However, in 1985, the Legislature amended that section to provide, " 'A motion under this paragraph may be made following reversal on appeal of a trial court's decision if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. The motion shall be made within 60 days after the party . . . has been notified of the assignment.' " (*Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572, 575, fn. 2 [284 Cal.Rptr. 495] (*Stegs Investments*).)

As we noted in *Stegs Investments*, that amendment was added out of concern that a judge who had been reversed might be biased against the party who successfully appealed that judge's decision. (*Stegs Investments, supra,* 233 Cal.App.3d at pp. 575-576; see also Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 15, 1985, p. 1; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 24, 1985, p. 2.) Significantly, however, the 1985 legislative history reveals that the amendment was further intended to "provide[] an efficient mechanism to remove a judge whose conduct during the original trial evidenced prejudice toward a party." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 15, 1985, p. 1; see also Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 24, 1985, p. 2.) Such prejudice may be observed by any party to a litigation, regardless of that party's eventual position on appeal. Thus, there is no reason to conclude the 1985 amendment was meant for use only by the party that appealed the judge's decision. Indeed, the language of the 1985 amendment itself, which is neutral as to which party or side might challenge a judge under its terms, confirms that reading of the legislative history.

Urging an interpretation of the statute that would limit postappeal challenges to successful appellants, real parties in interest point to a later amendment of section 170.6, subdivision (2) that does distinguish between the parties according to their positions on appeal. However, that amendment,

added in 1998, addressed only the number of peremptory challenges that could be filed in one litigation, again in accord with the language actually used in the statute. In fact, the 1998 amendment was enacted to accomplish the specific task of overruling a 1995 appellate court decision regarding the number of permissible peremptory challenges, nothing more. (See Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1199 (1997-1998 Reg. Sess.) as amended Jan. 5, 1998, p. 2.) In *Matthews v. Superior Court* (1995) 36 Cal.App.4th 592, 597 [42 Cal.Rptr.2d 521], the Court of Appeal held that a successful appellant who had already filed a peremptory challenge under section 170.6, subdivision (2), as then constituted, was precluded from filing a second, postappeal peremptory challenge because subdivision (3) of section 170.6 permits only one such challenge per litigation. Believing that limitation to be inappropriate, the Legislature then amended section 170.6, subdivision (2), to its present form, inserting the sentence, "Notwithstanding paragraph (3) of this section, the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so."

It is true, as real parties in interest point out, the Legislature referred to the 1998 amendment as "simply clarif[ying]" its 1985 legislation, and described the intent behind the 1985 amendment as being the protection of successful appellants from judges who might be piqued by reversal of their decisions. (See Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1199 (1997-1998 Reg. Sess.) as amended Jan. 5, 1998, pp. 1-2; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1199 (1997-1998 Reg. Sess.) as amended June 1, 1998, pp. 1, 3.) However, that incomplete summary of the Legislature's earlier intent does not vitiate the express statement written in conjunction with the 1985 amendment that "[t]he purpose of this bill is to allow a party to remove a judge whose conduct during the original trial evidenced prejudice toward a party." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (Reg. Sess. 1985-1986) as amended May 24, 1985, p. 2; see *People v. Cruz* (1996) 13 Cal.4th 764, 781 [55 Cal.Rptr.2d 117, 919 P.2d 731] [legislative declaration that amendment clarifies preexisting statute is not determinative of earlier meaning]; cf. *Faria v. San Jacinto Unified School Dist., supra*, 50 Cal.App.4th at p. 1945 [if legislative history gives rise to conflicting inferences as to statute's purpose, then departure from the clear language of the statute is unjustified].) Rather, it appears that in focusing on overturning the *Matthews* decision, the Legislature simply failed to consider the full reasoning behind its 1985 amendments. Indeed, as petitioner notes, between the 1985 and 1998 amendments, there was no suggestion in the language of the statute that respondents on appeal were precluded from filing postappeal peremptory challenges. Because there is nothing in the legislative history of the 1998 amendment indicating an intent to eliminate

respondents' rights under the statute, the additional language cannot now be read to foreclose that opportunity.

Nor do prior appellate decisions focusing on the legislative intent to protect successful appellants require that we ignore the plain language of the statute or the express statements the Legislature made in 1985. Real parties in interest list seven appellate court decisions describing the legislative intent behind the 1985 amendment to be the protection of successful appellants.[3] However, those cases addressed situations in which a successful appellant had been denied a postappeal peremptory challenge, so there was no occasion for the courts to investigate the further intent of the Legislature to allow such challenges to any party who detected judicial prejudice during the original trial. In this case, we are faced with the question of an unsuccessful respondent's rights, and our reexamination of section 170.6, subdivision (2), as well as the 1985 legislative history, shows that such respondents were to be allowed a postappeal peremptory challenge.

B. *Remand for consideration of an attorney fee award constitutes a new trial.*

■ Real parties in interest contend that regardless of whether section 170.6 is read to permit challenges from both appellants and respondents after appeal, no challenge may be made in this case because the matter has not been remanded for a new trial. We disagree. As we explained in *Stegs Investments, supra,* 233 Cal.App.3d at page 576, the term "new trial," as used in section 170.6, subdivision (2), "does not turn on whether the issue(s) to be resolved on remand are limited, but what the court must do to resolve them. If the court's function is merely a ministerial act (such as the recalculation of interest), the 1985 amendment does not apply. If, however, the court must conduct an actual retrial, even if that trial involves only one issue, the court may be disqualified upon a timely affidavit . . . ." Later cases have followed that reasoning to permit a challenge whenever a decision is sent back to the trial judge for rulings on the merits of the litigation. (E.g., *People v. Superior Court (Maloy), supra,* 91 Cal.App.4th at p. 397 [reversal of dismissal on jurisdictional grounds required a new trial]; *Stubblefield Construction Co. v. Superior Court, supra,* 81 Cal.App.4th at p. 765 [reversal of summary judgment required a new trial].)

Indeed, in *Hendershot v. Superior Court, supra,* 20 Cal.App.4th at pages 864-865, Division Four of this court determined that even postjudgment

---

[3]Real parties in interest rely on *People v. Superior Court (Maloy)* (2001) 91 Cal.App.4th 391 [109 Cal.Rptr.2d 897], *Stubblefield Construction Co. v. Superior Court* (2000) 81 Cal.App.4th 762 [97 Cal.Rptr.2d 121], *Panzados v. Superior Court, supra,* 60 Cal.App.4th 324, *Matthews v. Superior Court, supra,* 36 Cal.App.4th 592, *Overton v. Superior Court* (1994) 22 Cal.App.4th 112 [27 Cal.Rptr.2d 274], *Hendershot v. Superior Court* (1993) 20 Cal.App.4th 860 [24 Cal.Rptr.2d 645], and *Stegs Investments, supra,* 233 Cal.App.3d 572.

proceedings can constitute a new trial for purposes of section 170.6, subdivision (2). In that case, the plaintiff had obtained a judgment against a corporation and against its president, individually. While appeal of that judgment was pending, the president paid the judgment against him. The appellate court then affirmed the judgment against the corporation, but reversed the judgment against the president. The matter was remanded to the trial court for an evidentiary hearing as to what restitution the president might be entitled to receive of the monies he had paid on his judgment, including consideration of whether amounts he paid were on account of the corporation's liability. (*Hendershot,* at p. 862.) When the president's postappeal peremptory challenge to the reassigned trial judge was rejected as untimely, the *Hendershot* court issued a writ of mandate directing the trial court to honor the challenge. The court noted that during the ordered evidentiary hearing, the trial court would have to exercise its discretion and make factual determinations in considering the issue of appropriate restitution. (*Id.* at p. 865.) That amounted to a new trial sufficient to permit the president's peremptory challenge.

Just so in this case, the trial court must make factual findings regarding the merits of real parties in interest's SLAPP motion in order to determine the propriety of a fee award. It will be acting in more than a ministerial manner. Accordingly, it will be conducting a new trial for purposes of a section 170.6, subdivision (2), challenge. The fact that a postjudgment fee award is at issue does not alter the analysis. Petitioner was entitled to bring a preemptory challenge under that section to the reassigned trial judge, and the judge should have honored it.

## DISPOSITION

The petition for writ of mandate is granted. The trial court is directed to vacate its order striking petitioner's 170.6, subdivision (2), challenge and enter a new order honoring that challenge. Each party to bear its own costs.

Turner, P. J., and Mosk, J., concurred.