Filed 11/24/20  Imperial Irrigation Dist. v. Superior Court CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| IMPERIAL IRRIGATION DISTRICT,<br><br>          Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF IMPERIAL COUNTY,<br><br>          Respondent;<br><br><br>MICHAEL ABATTI,<br><br>          Real Party in Interest. | D078122<br><br>(Imperial County Super. Ct. No. ECU07980) |

ORIGINAL PORCEEDING in mandate.  L. Brooks Anderholt, Judge. Petition granted.

Nossaman LLP and Frederic A. Fudacz, Jennifer L. Meeker, and Gina R. Nicholls for petitioner.

No appearance for respondent.

Musick, Peeler & Garrett LLP, Theodore A. Chester, Jr., and Cheryl A. Orr; Caldarelli Hejmanowski Page & Leer LLP, Lee E. Hejmanowski and Marisa Janine-Page for real party in interest.

Imperial Irrigation District (the District) petitions for a writ commanding the superior court to grant a postappeal motion to disqualify the judge assigned to a civil action. We grant the petition.

BACKGROUND

Michael Abatti filed a petition for writ of mandate in the superior court to invalidate a water distribution plan adopted by the District. The court granted the petition. The court also issued a postjudgment order awarding Abatti costs and attorney fees. The parties separately appealed the judgment and postjudgment order. This court affirmed the judgment in part, reversed it in part, and remanded the matter with directions to enter the proper judgment. The Supreme Court of California denied Abatti's petition for review, and this court issued its remittitur. In the meantime, this court reversed the order awarding Abatti costs and attorney fees and "remanded for consideration of new fee and costs requests in light of the new judgment." Abatti did not petition the Supreme Court for review, and this court issued its remittitur.

Fifteen days after issuance of the remittitur in the appeal from the order awarding costs and attorney fees, the District filed a "motion for and declaration in support of peremptory challenge" by which it sought to disqualify the judge who had entered the judgment and postjudgment order that were reversed on appeal, on the ground the judge was prejudiced against the District and the District would not receive a fair and impartial trial or

hearing before him.  (Code Civ. Proc., § 170.6, subd. (a)(2), (6).)[1]  In an order denying the motion, the judge ruled the District had "previously exercised a peremptory challenge in this case.  Based on the plain language of [Code of Civil Procedure section 170.6, subdivision (a)(2)], a second peremptory challenge is available to a party in the case of reversal on 'a final judgment of a trial court.'  As the order currently remitted to the court from the appellate court is not a final judgment, but is instead 'an order made after a judgment made appealable' as described in Code of Civil Procedure [section] 904.1(a)(2) and distinguished from 'a judgment' under [section] 904.1(a)(1), [the District] is not entitled to a second peremptory challenge."

The District petitioned this court for a writ directing the superior court to vacate the order denying the peremptory challenge and to enter a new order granting it and to reassign the underlying action to another judge.  (Code Civ. Proc., § 170.3, subd. (d).)[2]  We notified the parties we were

---

[1]     "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter.  Notwithstanding paragraph (4), the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so.  The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment." (Code Civ. Proc., § 170.6, subd. (a)(2).)  Paragraph (4) provides in pertinent part:  "Except as provided in this section, no party or attorney shall be permitted to make more than one such motion in any one action or special proceeding pursuant to this section."  (*Id.*, § 170.6, subd. (a)(4).)

[2]     The District alternatively sought a writ directing the superior court to reassign the case "in the interests of justice" (Code Civ. Proc., § 170.1, subd. (c)), on the ground the judge who entered the judgment and postjudgment order that were reversed on appeal had "connections" to Abatti and his family that created an appearance of bias.  The District asked us to take judicial

3

considering issuing a peremptory writ in the first instance and invited Abatti to file a response to the petition. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180.) In his response, Abatti agreed with the superior court that the District is not entitled to a second peremptory challenge because the order awarding costs and attorney fees that was reversed on appeal was not a "final judgment," and alternatively argued the challenge was not ripe because his time to petition the Supreme Court of the United States for a writ of certiorari to review this court's decision on the appeal from the judgment in the underlying action has not expired.

DISCUSSION

The superior court erred by denying the District's postappeal peremptory challenge. When a judgment has been reversed on appeal, the matter has been remanded for a "new trial," and the judge who entered the judgment has been reassigned the matter, a party may challenge the judge within 60 days of notification of the assignment even though the party had previously made a peremptory challenge in the matter. (Code Civ. Proc., § 170.6, subd. (a)(2).) In this context, a "new trial" is required if the "court must revisit some factual or legal issue that was in controversy in the prior proceeding." (*Paterno v. Superior Court* (2004) 123 Cal.App.4th 548, 560.) In the parties' appeals in the underlying action, we reversed the judgment and the subsequent order awarding costs and attorney fees and remanded the matter for entry of a new judgment and reconsideration of costs and fees in light of the new judgment. The hearing that will be required to determine costs and fees constitutes a "new trial" within the meaning of Code of Civil

_____

notice of a published article that described those connections. We need not address this alternative ground to dispose of the petition and therefore deny the motion for judicial notice. (*C.C. v. Superior Court* (2008) 166 Cal.App.4th 1019, 1021, fn. 1.)

4

Procedure section 170.6, subdivision (a)(2). (*First Federal Bank of California v. Superior Court* (2006) 143 Cal.App.4th 310, 315; *Pfeiffer Venice Properties v. Superior Court* (2003) 107 Cal.App.4th 761, 767-768.) The District therefore had 60 days from notice of reassignment of the trial judge to file a motion to disqualify him, and it did so.

We are not persuaded by Abatti's arguments the District was not entitled to a second peremptory challenge and the challenge was not ripe. The order awarding Abatti costs and attorney fees that was reversed on appeal may be considered a "final judgment" for purposes of the statutory provisions allowing a party who previously filed a peremptory challenge to file a second one after a reversal on appeal. (Code Civ. Proc., § 170.6, subd. (a)(2), (4).) The order finally resolved "a collateral matter, ancillary to the main cause," and "is substantially the same as a final judgment in an independent proceeding." (*Henneberque v. City of Culver City* (1985) 172 Cal.App.3d 837, 841-842; accord, *Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1015-1016; *Los Angeles Times v. Alameda Corridor Transportation Authority* (2001) 88 Cal.App.4th 1381, 1388-1389.) Treating the order as a "final judgment" (Code Civ. Proc., § 170.6, subd. (a)(2)) also furthers the purpose of the statutory provisions allowing a party to make a second peremptory challenge after a reversal on appeal, which is "to avoid potential bias on the part of a judge who has been reversed on appeal" (*Geddes v. Superior Court* (2005) 126 Cal.App.4th 417, 423). To avoid any potential bias in the new determination of costs and attorney fees this court ordered the superior court to make on remand, the District had a right to, and did, file a peremptory challenge within 60 days of the notice of reassignment of the case to the same trial judge. (Code Civ. Proc., § 170.6, subd. (a)(2).) Therefore, even though the time to petition the Supreme Court

5

of the United States for a writ of certiorari to review this court's decision on the appeal from the judgment has not yet expired, the current need for a hearing on costs and attorney fees in the superior court "is sufficient to present a 'definite and concrete [controversy] touching the legal relations of parties having adverse legal interests.' [Citation.] The ripeness requirement is satisfied." (*Coral Construction, Inc. v. City and County of San Francisco* (2004) 116 Cal.App.4th 6, 26.)

Where, as here, "a party timely files, in proper form, a motion to disqualify a judge based upon [Code of Civil Procedure section 170.6], the trial court is bound to accept the disqualification without further inquiry." (*The Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1032.) To correct the superior court's error in refusing to do so, a peremptory writ in the first instance is appropriate. There are no material facts in dispute, the applicable law is settled, the District is clearly entitled to relief, disqualification issues require prompt resolution, and no useful purpose would be served by plenary consideration of the issue. (Code Civ. Proc., § 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 416.)

DISPOSITION

Let a writ issue commanding respondent, immediately upon receipt of the writ, to vacate its October 8, 2020 order denying the District's motion to disqualify the trial judge (peremptory challenge) and to enter a new order granting the motion.  The parties shall bear their own costs.  (Cal. Rules of Court, rule 8.493(a)(1)(B).)

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

GUERRERO, J.

7