[No. B188549. Second Dist., Div. Seven. June 12, 2006.]

HENRY CASDEN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ALAN CASDEN et al., Real Parties in Interest.

418

COUNSEL

Hillel Chodos and Deborah Chodos for Petitioner.

No appearance for Respondent.

Skadden, Arps, Slate, Meagher & Flom, Thomas J. Nolan, Carl Alan Roth and Stephen Haydon-Khan for Real Parties in Interest.

OPINION

**JOHNSON, J.**—In a prior appeal in this case, this court reversed the matter in part and remanded it to the trial court. Upon remand, petitioner filed a peremptory challenge under Code of Civil Procedure section 170.6[1] to disqualify the judge who presided over the prior trial and was assigned to conduct a new trial in the matter. Petitioner later filed a motion, attempting to challenge a different judge under section 170.6. The trial court denied petitioner's motion, concluding petitioner already had exercised the one peremptory challenge to which he was entitled under section 170.6.

In his petition for writ of mandate, petitioner contends a successful appellant who chooses to file a peremptory challenge for the first time upon remand from the appellate court may later exercise another peremptory

---

[1] All further statutory references are to the Code of Civil Procedure.

challenge under section 170.6. We disagree with petitioner's reading of the statute and conclude the trial court properly denied petitioner's second peremptory challenge. Accordingly, we deny the writ petition.

## FACTS AND PROCEEDINGS BELOW

In May 1999, petitioner filed this action against real parties in interest. The following year, the matter went to trial, the jury reached a verdict and judgment was entered. Petitioner appealed. In July 2002, this court reversed the judgment and the case was remanded to the trial court.[2]

The case was tried again in September 2003. Both sides appealed from the judgment entered after the jury trial. In April 2005, this court affirmed the judgment in part, reversed it in part and remanded the matter for a new trial on certain claims.[3] Up to this point, petitioner had not filed a peremptory challenge under section 170.6.

Upon remand, the case was assigned to the same judge who had presided over the September 2003 trial. Petitioner filed a motion to disqualify the judge under section 170.6. The trial court granted the motion and the case was reassigned to another judge. The case was reassigned two more times for reasons not related to any action by the parties. Petitioner filed a second motion under section 170.6, attempting to challenge the fourth judge assigned to the case after remand. Real parties in interest did not oppose the motion. The trial court denied the motion on the ground petitioner had "already utilized his available peremptory challenge."

We issued an order to show cause to review the trial court's January 17, 2006 ruling and asked both sides to brief the matter.

## DISCUSSION

As our Supreme Court has stated, "a party may secure the disqualification of a judge on the basis of an affidavit asserting that the party believes the judge is biased. This constitutes the peremptory challenge of a judge set forth in section 170.6."[4] A party may file a peremptory challenge under this section "following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the

---

[2] *Casden v. Casden* (July 22, 2002, B141774) (nonpub. opn.).

[3] *Casden v. Casden* (April 6, 2005, B171910) (nonpub. opn.).

[4] *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1251 [135 Cal.Rptr.2d 639, 70 P.3d 1054].

matter."[5] As described above, in the present case petitioner filed a peremptory challenge under section 170.6 for the first time upon remand from this court when the judge who had presided over the September 2003 trial was assigned to conduct a new trial on certain claims.

Subdivision (a)(3) of section 170.6 makes clear each party (or side if there are multiple plaintiffs or defendants) may file only one peremptory challenge in the action "[e]xcept as provided in this section." The only exception to the general rule of one peremptory challenge per side is set forth in subdivision (a)(2) of section 170.6. In addressing the postappeal peremptory challenge described in the preceding paragraph of this opinion, subdivision (a)(2) states: "Notwithstanding paragraph (3), the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so." In making his second motion to disqualify a judge under section 170.6, petitioner interpreted this language in subdivision (a)(2) to mean he was entitled to file a postappeal peremptory challenge and then later file another peremptory challenge. He argued, "it is clear that the post-appeal challenge is a separate and distinct event that does not 'count' as the party's one challenge under section 170.6." As discussed more fully below, we disagree with petitioner's interpretation of section 170.6 and conclude the trial court properly denied petitioner's second peremptory challenge.

## I. CONSIDERING THE PLAIN, UNAMBIGUOUS LANGUAGE OF SECTION 170.6, THE TRIAL COURT PROPERLY DENIED PETITIONER'S SECOND PEREMPTORY CHALLENGE.

Subdivision (a)(2) of section 170.6 expressly states a successful appellant who *previously* filed a peremptory challenge in the action may file another peremptory challenge upon remand from the appellate court if the judge in the prior proceeding is assigned to conduct a new trial in the matter. The issue petitioner raises in this writ proceeding is whether a successful appellant who already filed a postappeal peremptory challenge may *subsequently* file an additional peremptory challenge.[6]

"The rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] To determine legislative intent, we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.] When the language of a statute is clear, we need go no further. However, when the language is susceptible of more than

---

[5] Section 170.6, subdivision (a)(2).

[6] We have not found any published decision addressing this specific issue.

one reasonable interpretation, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, . . . and the statutory scheme of which the statute is a part."[7] The proper interpretation of a statute and its application to undisputed facts are questions of law subject to this court's independent review.[8]

Petitioner contends a successful appellant is entitled to two peremptory challenges under section 170.6—the postappeal challenge and the "one challenge per side"—and the order in which they are exercised is irrelevant. Petitioner claims, based on his reading of section 170.6, a postappeal challenge "does not count as the one peremptory challenge which is allowed to each side in a case, and does not preclude such a challenge if it has not previously been used, and is otherwise timely and properly exercised." Petitioner maintains a postappeal challenge and "the 'one challenge per side per case' " are two "very different" things. Petitioner's interpretation of section 170.6 is not consistent with the plain and unambiguous language of the statute which limits each side to one peremptory challenge except in the one specific circumstance enumerated.

■ We find the language of section 170.6 to be clear and unambiguous. Each side can exercise one peremptory challenge in an action. There is one specific exception to the general rule. A successful appellant who has *previously* used his or her one peremptory challenge can exercise another challenge upon remand from an appellate court if the prior trial judge is assigned to conduct a new trial in the matter. Thus, the one challenge rule does not require a party to go to trial before a judge who entered a judgment against that party and was reversed on that party's appeal. If the Legislature had intended section 170.6 to allow a successful appellant to exercise a postappeal peremptory challenge in the first instance and then *subsequently* exercise another challenge, the Legislature would have said so. We will not presume the Legislature meant to include a broader exception than it did.

[7] *Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340 [14 Cal.Rptr.3d 857, 92 P.3d 350]; *People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232] (" 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.] "Where the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does not exist' " ' ").

[8] *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 357 [127 Cal.Rptr.2d 516, 58 P.3d 367]; *Southern California Edison Co. v. State Board of Education* (1972) 7 Cal.3d 652, 659, footnote 8 [102 Cal.Rptr. 766, 498 P.2d 1014]. We note language in the Court of Appeal's decision in *People v. Superior Court (Maloy)* stating an appellate "court reviews an order granting or denying a peremptory challenge pursuant to section 170.6 for abuse of discretion. A trial court abuses its discretion when it erroneously denies a motion to disqualify a judge." (*People v. Superior Court (Maloy)* (2001) 91 Cal.App.4th 391, 395 [109 Cal.Rptr.2d 897].) In determining whether the trial court in the present case erroneously denied the peremptory challenge, we must resolve these questions of law, which are subject to our independent review.

██ A party may exercise its one peremptory challenge upon remand from an appellate court. This is what petitioner chose to do. Having done so, petitioner does not have another peremptory challenge to use in the action (unless, of course, there is another appeal from a judgment and petitioner is once again a successful appellant, and he finds himself back before the prior trial judge for a new trial). Despite petitioner's claim to the contrary, the postappeal challenge "counts" as petitioner's one peremptory challenge in this action. The narrow exception to the general rule does not apply to the facts presented here. Accordingly, the trial court properly denied petitioner's second peremptory challenge.

## II. *THERE IS NO INDICATION THE LEGISLATURE INTENDED TO ALLOW A SUCCESSFUL APPELLANT TO EXERCISE A POSTAPPEAL PEREMPTORY CHALLENGE AND THEN LATER FILE A SECOND PEREMPTORY CHALLENGE.*

Although petitioner does not argue the language of section 170.6 is ambiguous, he asks this court to consider legislative history and public policy. As set forth above, under the rules of statutory construction we do not need to look further than the plain, unambiguous language of the statute to determine legislative intent. However, assuming the language of the statute was ambiguous and petitioner's interpretation of that language was reasonable, our resort to extrinsic aids, such as legislative history and public policy, would not aid petitioner's cause. We would still find the trial court properly denied petitioner's motion as a second peremptory challenge to which he was not entitled under section 170.6.

First we review the manner in which the statutory language at issue came to be included in section 170.6. "Historically, a [peremptory] challenge could not be filed for the first time after a reviewing court remanded the matter to the trial court. In 1985, however, the Legislature amended section 170.6 to add the following language: 'A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter.' [Citation.]"[9] "The concern expressed by the proponents of the 1985 amendment was that a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling at the original trial."[10]

---

[9] *Peracchi v. Superior Court, supra,* 30 Cal.4th at page 1249; section 170.6, subdivision (a)(2).

[10] *Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572, 575–576 [284 Cal.Rptr. 495]; see also *Stubblefield Construction Co. v. Superior Court* (2000) 81 Cal.App.4th 762, 765 [97 Cal.Rptr.2d 121]; *People v. Superior Court (Maloy), supra,* 91 Cal.App.4th at page 395.

In 1995, in *Matthews v. Superior Court*,[11] the Court of Appeal considered whether a successful appellant who already had exercised a peremptory challenge under section 170.6 could file another peremptory challenge when the case was remanded to the trial court and assigned to the prior judge after partial reversal of a summary judgment motion. The appellate court concluded section 170.6 limited a party to one peremptory challenge per action. The court explained: "The Legislature failed to provide an exception to the prohibition against multiple challenges under the section and we decline to do so by interpretation."[12]

In 1998, the Legislature responded. It amended section 170.6 by adding the language at issue in this writ proceeding: "Notwithstanding paragraph (3), the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so."[13] The legislative history makes clear the 1998 amendment was drafted in response to the specific situation presented in *Matthews v. Superior Court* where a party previously exercised her one peremptory challenge under section 170.6, but later found herself back before the trial judge who was reversed on her successful appeal and without a peremptory challenge to use.[14] Nothing we have found in the legislative history indicates the Legislature intended to allow a successful appellant to exercise two peremptory challenges in the situation presented here—where the party did not file a challenge before the party appealed from an adverse judgment.

In his briefing, petitioner quotes the following language from the Court of Appeal's decision in *Pfeiffer Venice Properties v. Superior Court*,[15] a case that did not concern the number of peremptory challenges a successful appellant could exercise, but rather whether respondents on appeal also had the right to exercise a postappeal peremptory challenge where the matter was remanded and assigned to the prior trial judge: "Urging an interpretation of the statute that would limit postappeal challenges to successful appellants,

---

[11] *Matthews v. Superior Court* (1995) 36 Cal.App.4th 592, 594–595 [42 Cal.Rptr.2d 521].

[12] *Matthews v. Superior Court, supra*, 36 Cal.App.4th at page 598.

[13] Section 170.6, subdivision (a)(2); see also *People v. Superior Court (Maloy), supra*, 91 Cal.App.4th at pages 395–396; *Pfeiffer Venice Properties v. Superior Court* (2003) 107 Cal.App.4th 761, 765–766 [132 Cal.Rptr.2d 400].

[14] See, e.g., Assembly Committee on Judiciary, Analysis of Assembly Bill No. 1199 (1997–1998 Reg. Sess.) as amended January 5, 1998, pages 1–2; Senate Judiciary Committee, Analysis of Assembly Bill No. 1199 (1997–1998 Reg. Sess.) as amended June 1, 1998, pages 1–2; Senate Rules Committee, Office of Senate Floor Analyses, third reading of Assembly Bill No. 1199 (1997–1998 Reg. Sess.) as amended June 1, 1998, pages 1–3.

[15] *Pfeiffer Venice Properties v. Superior Court, supra*, 107 Cal.App.4th at page 763 ("postappeal peremptory challenges are not the exclusive right of parties who were appellants on appeal, but are also available to parties who were respondents, provided they have not yet exercised a peremptory challenge in the litigation").

real parties in interest point to a later amendment of section 170.6, subdivision (2) that does distinguish between the parties according to their positions on appeal. However, that amendment, added in 1998, addressed only the number of peremptory challenges that could be filed in one litigation, again in accord with the language actually used in the statute. In fact, the 1998 amendment was enacted to accomplish the specific task of overruling a 1995 appellate court decision regarding the number of permissible peremptory challenges [*Matthews*], nothing more."[16]

After quoting this language, petitioner asserts "in view of the legislative history [as set forth in *Pfeiffer Venice Properties v. Superior Court*], it is clear that the real intent of the Legislature was to overrule *Mathews* [*sic*] by declaring that a post-remand challenge is to be available in addition to the ordinary peremptory challenge, regardless of which is used first." The *Matthews* court only addressed the specific factual scenario before it. Petitioner does not explain why he believes the Legislature would enact an amendment to overrule *Matthews* but intend that amendment to cover factual scenarios like the one here, which were not relevant to the *Matthews* decision. We have found nothing in the legislative history indicating the Legislature intended the amendment to apply to any factual scenario other than that found in *Matthews*.

The purpose of the limited exception to the one challenge per side rule is to ensure a party who appeals an adverse judgment and prevails can disqualify the prior trial judge upon remand for new trial, even if the party already exercised a peremptory challenge in the action. That purpose would not be furthered by allowing petitioner, who already challenged the prior trial judge, to have a second peremptory challenge to use on some other judge.

We briefly address petitioner's policy argument. The first line of his memorandum of points and authorities in support of his petition for writ of mandate states, "The right of a litigant to disqualify a Judge with a peremptory challenge, as provided by [Code of Civil Procedure section] 170.6, is to be liberally construed." Petitioner has ignored our Supreme Court's position on this issue, which the court made with reference to the same appellate court decision petitioner cites (*People v. Superior Court (Maloy)*):[17] "[W]ith respect to the assertion that section 170.6 must be given a liberal construction, our own cases have observed that because of the dangers presented by judge-shopping—by either party—the limits on the number and timing of

---

[16] *Pfeiffer Venice Properties v. Superior Court, supra*, 107 Cal.App.4th at pages 765–766, citing Assembly Committee on Judiciary, Analysis of Assembly Bill No. 1199 (1997–1998 Reg. Sess.) as amended January 5, 1998, page 2.)

[17] *People v. Superior Court (Maloy), supra*, 91 Cal.App.4th 391.

challenges pursuant to this statute are vigorously enforced."[18] The Supreme Court has emphasized " ' "We cannot permit a device intended for spare and protective use to be converted into a weapon of offense and thereby to become an obstruction to efficient judicial administration." ' [Citation.]"[19]

Petitioner exercised the one peremptory challenge to which he was entitled under section 170.6. He is in the same position as any other litigant who exercises a peremptory challenge and later winds up before another judge he or she doesn't want. The fact petitioner exercised that challenge after an appeal and upon remand is irrelevant. He does not get two challenges simply by virtue of being a successful appellant. Thus, the trial court properly denied petitioner's second challenge.

## DISPOSITION

The petition for writ of mandate is denied. Real parties in interest are entitled to recover their costs in this writ proceeding.

Perluss, P. J., and Zelon, J., concurred.

Petitioner's petition for review by the Supreme Court was denied September 13, 2006, S145419.

---

[18] *Peracchi v. Superior Court, supra,* 30 Cal.4th at page 1263, citing *Solberg v. Superior Court* (1977) 19 Cal.3d 182, 197 [137 Cal.Rptr. 460, 561 P.2d 1148].

[19] *Peracchi v. Superior Court, supra,* 30 Cal.4th at page 1253, quoting *Solberg v. Superior Court, supra,* 19 Cal.3d at page 198.