Filed 12/23/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TODD McNAIR,<br><br>     Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>     Respondent;<br><br>NATIONAL COLLEGIATE ATHLETIC<br>ASSOCIATION,<br><br>     Real Party in Interest. | B275282<br><br>(Los Angeles County<br>Super. Ct. No. BC462891) |

ORIGINAL PROCEEDINGS in mandate. Michael J. Raphael, Judge. Petition granted.

Greene Broillet & Wheeler, Bruce A. Broillet, Scott H. Carr; Esner, Chang & Boyer and Stuart B. Esner for Petitioner.

No appearance for Respondent.

Loeb & Loeb and Laura A. Wytsma for Real Party in Interest.

————————————————

## INTRODUCTION

In this proceeding, we hold that Code of Civil Procedure section 170.6, subdivision (a)(2)[1] allows a party to exercise a second peremptory challenge only after prevailing in an appeal from a *final* judgment, but not following reversal of an *interim* decision.  Early in this litigation, the National Collegiate Athletic Association (NCAA) successfully challenged a jurist under section 170.6.  Thereafter, we affirmed in part and reversed in part the denial of a special motion to strike under the anti-SLAPP statute.[2]  The trial judge who had ruled on the anti-SLAPP motion then accepted the NCAA's postappeal peremptory challenge under section 170.6, subdivision (a)(2) and disqualified himself.  Todd McNair petitions for writ of mandate contending that the trial court erred as a matter of law and asking us to issue a writ directing the court to vacate its order accepting the postappeal peremptory challenge.  Based on the clear words of the statute, we agree with McNair.  Accordingly, we grant the writ petition.

## FACTUAL AND PROCEDURAL BACKGROUND

McNair brought this lawsuit against the NCAA alleging seven causes of action: (1) libel; (2) slander; (3) interference with prospective economic advantage; (4) interference with contract; (5) breach of contract; (6) negligence; and (7) declaratory relief. (*McNair v. National Collegiate Athletic Assn.* (Dec. 7, 2015, B245475) [nonpub. opn.], at [p. 11] (*McNair II*).)

---

[1]    All further statutory references are to the Code of Civil Procedure.

[2]    Section 425.16.

2

Shortly thereafter, in 2011, the NCAA exercised a peremptory challenge to the trial judge assigned to the case at the time, and so the case was reassigned to a different jurist.[3] The NCAA then moved to strike the complaint under the anti-SLAPP statute. The trial court denied the NCAA's motion on the ground that only two of the five causes of action, those for libel and slander, arose from protected activity, but that McNair had demonstrated a probability of prevailing on the merits. This decision, rather than to finally dispose of any of McNair's causes of action, allowed the litigation to proceed.

The NCAA appealed. We affirmed the trial court's ruling in large part but reversed a small portion. Specifically, we agreed that McNair had demonstrated a probability of prevailing on the merits of his two defamation causes of action and that his negligence, contract, and declaratory relief causes of action did not arise from protected activity. However, we held that McNair's interference with contract and economic advantage causes of action arose from protected activity and that McNair had not demonstrated a probability of prevailing on the merits of those two claims. (*McNair II*, *supra*, B245475, at [pp. 26-28 & 30].) Hence, of the complaint's seven causes of action, we reversed the decision with respect to two, terminating them, but affirmed the remainder of the trial court's ruling, thereby preserving five of the causes of action for future adjudication. (*Id*. at [p. 30].)

---

[3]     Although the October 2011 peremptory challenge is not in the record in this proceeding, the NCAA does not dispute that it had exercised a peremptory challenge early in this litigation. The NCAA also observes that this case has been assigned to eight trial judges in five years.

The NCAA filed its second peremptory challenge under section 170.6[4] to the trial judge who had denied its anti-SLAPP motion.  Without giving McNair a chance to file opposition, despite McNair's letter indicating an opposition was forthcoming, the trial judge accepted the NCAA's challenge and disqualified himself.  McNair filed his writ petition.  We issued an order to show cause.  After briefing and argument, we grant the writ petition.

## DISCUSSION

A "party may secure the disqualification of a judge on the basis of an affidavit asserting that the party believes the judge is biased.  This constitutes the peremptory challenge of a judge set forth in section 170.6." (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1251 (*Peracchi*).)  Section 170.6 "reasonably serves the Legislature's evident purpose of 'maintaining the appearance as well as the fact of impartiality in the judicial system:  the business of the courts . . . must be conducted in such a manner as will avoid even the "suspicion of unfairness." ' [Citation.]" (*Peracchi*, at p. 1252.)

Subdivision (a)(2) of section 170.6 authorizes a post-appeal peremptory challenge when the same trial judge is assigned to conduct a new trial after reversal on appeal.  (See also *Geddes v. Superior Court* (2005) 126 Cal.App.4th 417, 423, citing § 170.6, subd. (a)(2); *Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572, 575-576 (*Stegs*), quoting from Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1213 (1985-1986 Reg.

---

[4]     The NCAA also brought a challenge for cause under section 170.1.  The trial court rejected that challenge and that decision was not raised in the petition, with the result that it is not before us in this proceeding.

4

Sess.) as amended May 15, 1985.)  Normally, matters remanded by appellate courts for retrial were assigned to the same trial judge who heard the case before appeal on the theory that the judge who presided over the first trial was familiar with the issues and was in a better position to expeditiously resolve the case following remand.  (*Stegs*, at p. 575.)  The Legislature created the postappeal peremptory challenge in 1985 to address the concern that a judge who had been reversed might be biased against the party who had successfully appealed that judge's ruling.  (*Id.* at pp. 575-576.)

Section 170.6, subdivision (a)(2) provides in relevant part: "[1]  A motion under this paragraph may be made following reversal on appeal of a trial court's *decision, or* following reversal on appeal of a trial court's *final judgment*, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. [2]  Notwithstanding paragraph (4), the party who filed the appeal that resulted in the reversal of a *final judgment* of a trial court may make a motion under this section *regardless of whether that party or side has previously done so*."  (Italics added.) McNair contends in his writ petition that this case is governed by sentence two of section 170.6, subdivision (a)(2), and that the NCAA has not satisfied the criteria for disqualification of the trial judge who denied the anti-SLAPP motion because we did not reverse a final judgment.  The NCAA counters that the statute allows for a peremptory challenge following the reversal of either a *final judgment* or a trial court's *decision* - such as the denial of the special motion to strike.  The statute is clear and unambiguous and McNair is correct.  (See *Casden v. Superior Court* (2006) 140 Cal.App.4th 417, 422 (*Casden*) [language of

5

§ 170.6, subd. (a)(2) clearly and unambiguously allows a second peremptory challenge after a successful appeal].)

Generally, only one peremptory challenge may be filed by a party, or side if there are multiple plaintiffs or defendants in an action, "[e]xcept as provided in this section." (§ 170.6, subd. (a)(4); *Casden, supra*, 140 Cal.App.4th at p. 421.) Sentence two of section 170.6, subdivision (a)(2) expresses the only exception to the general rule of one peremptory challenge per side. (*Casden*, at p. 421.) Sentence two authorizes a party or side to exercise a postappeal peremptory challenge "regardless of whether that party or side has previously done so" and "[n]otwithstanding [section 170.6,] paragraph (4)." (§ 170.6, subd. (a)(2).) The Legislature added sentence two in 1998 to overrule an appellate court decision concerning the number of permissible peremptory challenges, and "nothing more." (*Pfeiffer Venice Properties v. Superior Court* (2003) 107 Cal.App.4th 761, 766 (*Pfeiffer*).) The NCAA has already used its one peremptory challenge in 2011, and so sentence two of section 170.6, subdivision (a)(2) governs this proceeding.

The language of sentence two of section 170.6, subdivision (a)(2) patently allows a second peremptory challenge following the reversal of *a final judgment* only. (*State Farm Mutual Automobile Ins. Co. v. Superior Court* (2004) 121 Cal.App.4th 490, 496; *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 977 [statutory construction unnecessary where statute's language is clear and unambiguous].) A second peremptory challenge is not available to an appellant who secured the reversal of an interim order. The two sentences of the second paragraph of section 170.6, subdivision (a)(2) state the applicable circumstances in differing terms: sentence one authorizes a first challenge

6

"following reversal on appeal of a trial court's *decision, or* following reversal on appeal of a trial court's *final judgment*," whereas sentence two authorizes a second challenge following "the reversal of a *final judgment*" and makes no reference to trial court decisions. (§ 170.6, subd. (a)(2), italics added.) "When one part of a statute contains a term or provision, the omission of that term or provision from another part of the statute indicates the Legislature intended to convey a different meaning. [Citation.]" (*Cornette v. Department of Transportation* (2001) 26 Cal.4th 63, 73.) The reading advocated by the NCAA, allowing for a second peremptory challenge following reversal of an interim decision, incorrectly inserts absent words into sentence two and improperly renders that sentence redundant. (*Id.* at pp. 73-74 ["A court may not rewrite a statute, either by inserting or omitting language, to make it conform to a presumed intent that is not expressed"], citing § 1858.)

Moreover, allowing a second peremptory challenge from a trial court decision, as advocated by the NCAA, expands the exception to the one-challenge rule by creating additional bases for exercising challenges in violation of the principle that an exception to a statute's general rule is to be strictly construed and, in applying exceptions, courts include only those circumstances within the words and reason of the exception. (*Da Vinci Group v. San Francisco Residential Rent etc. Bd.* (1992) 5 Cal.App.4th 24, 28; cf. *Casden, supra,* 140 Cal.App.4th at p. 423 [second challenge a narrow exception to general rule].) We are mindful that " 'courts of this state have been vigilant to enforce the statutory restrictions on the number and timing of the [challenges] permitted' " under section 170.6, because a peremptory challenge "presents the potential for abuse and

7

judge-shopping—on the part of either or both parties. . . . ' "We cannot permit a device intended for spare and protective use to be converted into a weapon of offense and thereby to become an obstruction to efficient judicial administration." ' [Citation.]" (*Peracchi*, *supra*, 30 Cal.4th at pp. 1252-1253.) In recognition of that judicial concern, sentence one of section 170.6, subdivision (a)(2) makes a single challenge available commonly to any party (*Pfeiffer*, *supra*, 107 Cal.App.4th at p. 764) "following reversal on appeal of [either] a trial court's *decision*, or following reversal on appeal of a trial court's *final judgment*." (§ 170.6, subd. (a)(2), italics added.) In contrast, as befitting the exception to the general one-challenge rule, the circumstance in which a second challenge is permitted is narrow: only by a successful appellant, and only following reversal of a *final judgment*.

" 'A judgment is final "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' [Citations.]" (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.) Whether a ruling is final depends on the substance and effect of the adjudication, rather than the form of the decree. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698.) Generally speaking, when no issue remains for future consideration, except compliance with the first decree's terms, that decree is final; but " 'where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Ibid.*)

The trial court here denied the NCAA's special motion to strike which allowed the lawsuit to be adjudicated later, with the result that it did not render a final judgment. The NCAA was

8

partially successful in its appeal,[5] having secured a reversal with respect to two causes of action only.  (See *Stegs*, *supra*, 233 Cal.App.3d at p. 576 [peremptory challenge available where a single issue is left to be retried after appeal].)  A second peremptory challenge was not available to the NCAA because our opinion did not reverse a "*final* judgment."  (§ 170.6, subd. (a)(2), italics added.)  The trial court erred as a matter of law in accepting the NCAA's second peremptory challenge and disqualifying itself.

The NCAA counters, quoting from the legislative history of the 1998 amendment to section 170.6, subdivision (a)(2), which added sentence two, that the Legislature intended to allow a second challenge after the reversal of both a final judgment and an interim order.  However, when, as here, the "statutory language is clear and unambiguous there is no need for construction, and courts should not indulge in it."  (*West Covina Hospital v. Superior Court* (1986) 41 Cal.3d 846, 850; see *Faria v. San Jacinto Unified School Dist.* (1996) 50 Cal.App.4th 1939, 1945 [if legislative history gives rise to conflicting inferences as to legislation's purposes or intended consequences, then departure from clear language of the statute is unjustified].)  Sentence two of section 170.6, subdivision (a)(2) clearly does not include the word "decision."  Thus, even if the Legislature had contemplated allowing a second peremptory challenge after the reversal of a decision, it did not enact such a provision.

---

[5]     An order denying a special motion to strike is appealable under section 904.1, notwithstanding it is *not* a final determination of the parties' rights.  (§ 425.16, subd. (i).)

The NCAA also argues, citing *Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266 at pages 1273-1274, that we should not grant McNair's writ petition because extraordinary relief sought by a petition for writ of mandate "is appropriate only" where the trial court's decision is both clearly erroneous as a matter of law and " 'substantially prejudices' " the petitioner. The NCAA argues that McNair has not suffered prejudice. Yet, McNair was prejudiced by the trial court's abrupt decision to accept the NCAA's second peremptory challenge before he could oppose it, as he indicated he planned to do. And, according to the NCAA, this case has been assigned to eight judges in five years, and so another reassignment will only further delay trial while a new jurist becomes familiar with the case. Moreover, "the determination whether to accept or reject a peremptory challenge is a significant judicial event . . . reviewable only by immediate writ of mandate, not by appeal from a subsequent judgment" (*Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 409; § 170.3, subd. (d)), and so this writ proceeding is the only means by which McNair can seek relief. (*Omaha Indemnity Co. v. Superior Court*, *supra*, at p. 1274 [extraordinary writ relief may be granted when relief is only available by writ and not appeal].) Finally, research has revealed no published case on the question presented here and so extraordinary writ relief is justified.

## DISPOSITION

The petition for writ of mandate is granted. The trial court is directed to vacate its order of May 20, 2016 accepting the NCAA's peremptory challenge pursuant to Code of Civil Procedure section 170.6, and enter a new order rejecting the challenge. Each party to bear its own costs.

**CERTIFIED FOR PUBLICATION**


ALDRICH, J.

We concur:


EDMON, P. J.


STRATTON, J.\*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.